## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MANSHUM ENTERPRISES, INC.,**
**JEFF GREEN, d/b/a Central Texas Health**
**Insurance,**

               **Plaintiffs,**

**-vs-**                          **Case No.  6:06-cv-533-Orl-28JGG**

**NATIONAL BUSINESS INFORMATION**
**CORPORATION,**
**RICHARD J. MCHENRY, SR.,**

               **Defendants.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motions:

| |
|---|
| **MOTION:**    **MOTION TO REMAND (Doc. No. 21)** |
| **FILED:**    **May 26, 2006** |
| _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.  A single *pro se* Defendant improperly removed this case to this Court from Texas without the valid consent of the corporate co-defendant, and this Court lacks subject matter jurisdiction. |

| |
|---|
| **MOTION:**    **DEFENDANT  RICHARD  J.  MCHENRY'S  AMENDED MOTION TO DISMISS (Doc. No. 25)** |
| **FILED:**    **June 12, 2006** |
| _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot. |

Plaintiffs Manshum Enterprises, Inc. ("Manshum") and Jeff Green d/b/a Central Texas Health Insurance ("Green") seek to remand to the County Court of Travis County, *Texas* where the case was originally filed on December 28, 2005.  Docket No. 21.  Defendant Richard J. McHenry Sr., proceeding *pro se* and allegedly "with the consent of" Defendant National Business Information Corporation ("NBIC"), filed a notice of removal to the United States District Court for the Middle District of *Florida* on April 20, 2006.  Docket No. 1.  Defendant McHenry subsequently filed a motion to dismiss the entire action on the ground that Plaintiffs are not the real party in interest. Docket No. 25.  Remand is required because this court does not have original jurisdiction over the claims asserted, and because only one *pro se* Defendant assented to the removal.

## II.    THE LAW

### A.    Removal

#### 1.    Subject Matter Jurisdiction

The procedure for removal to a federal court is governed by 28 U.S.C. §§ 1441 to 1452.  The general rule in § 1441 states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court **of which the district courts of the United States have original jurisdiction**, may be removed by the defendant or the defendants, to the district court of the United States **for the district and division embracing the place where such action is pending**.

28 U.S.C. § 1441(a) (emphasis added).  The removal statute should be construed narrowly, with all doubts resolved against removal.  *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941).  Section 1447 states that "[i]f at

any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 U.S.C. § 1447(c) (emphasis added).

2.   <u>Defect in the Removal Process</u>

A defendant seeking removal must file in the federal district court a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders" served on defendant in the state action. 28 U.S.C. § 1446(a).  The notice of removal must be filed within thirty days of either: 1.) service of the initial pleading on defendant, or 2.) service of the summons (if the initial pleading was filed in court and not required to be served on defendant), whichever period is shorter.  28 U.S.C. .§ 1446(b).   The venue of a removed case is "the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a); *see also Peterson v. BMI Refractories*, 124 F.3d 1386, 1391-94 (11th Cir. 1997).

In cases with multiple defendants, all defendants must consent to removal of a case to federal court.  *Chicago v. R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900); *Russell Corp. v. American Home Assur. Co.*, 264, F.3d 1040, 1044 (11th Cir. 2001).  If all defendants do not properly consent to removal, the case may be remanded for failure to comply with the "unanimity requirement." *Russell Corp.*, 264 at 1044.  The method by which defendants may consent to removal has been stated differently by various district courts.[1]  Defendants may: 1.) consent to removal by submitting "some timely filed written indication from each served defendant . . . that is has actually consented to such action," *Smith v. Health Ctr. of Lake City, Inc.*, 252 F. Supp. 2d 1336, 1340 (M.D. Fla. 2003); 2.) "file

---

[1]This Court has found no Eleventh Circuit cases on the method by which defendants must consent to removal, perhaps because under the federal removal statutes, a remand order based on a timely motion to remand for defects in removal procedure is "not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d); *see also In re Ocean Marine Mut. Prot. and Indem. Ass'n*, 3 F.3d 353, 355 (11th Cir. 1993).

written documentation of . . . intent to join the Notice of Removal," *Droessler v. Wyeth-Ayerst Labs.*, 64 F. Supp. 2d 1265, 1271 (S.D. Fla. 1999); or 3.) consent by "signing the notice of removal or by explicitly stating for itself consent on the record, either orally or in writing." *Nathe v. Pottenberg*, 931 F. Supp. 922, 925 (M.D. Fla. 1995). A corporation may appear and be heard in this Court only through counsel admitted to practice in this Court. Local Rule. 2.03(d).

Although inadequate unanimity may require removal, failure to comply with the technical requirements of the federal removal statutes does not defeat federal jurisdiction. *Mackay v. Unita Development Co.*, 229 U.S. 173, 176 (1913); *Peterson*, 124 F.3d at 1391-94. For example, objections as to venue, timeliness of removal, and the lack of unanimous consent are waived if consented to or not timely made. *See Peterson*, 124 F.3d at 1391-94; *Russell Corp.*, 264 F.3d at 1044-49. A party opposing removal on the basis of any defect in removal procedure must file a motion to remand within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c). Nevertheless, the district court must remand the case anytime before final judgment if the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c)

**B.      TCPA**

The TCPA prohibits "any person within the United States . . . [from] us[ing] any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). The Act creates a private right of action to obtain injunctive relief and to recover actual or statutory damages for each violation. 47 U.S.C. § 227(b)(3). The private right of action may be filed "if otherwise permitted by the laws or rules of court of a State, . . . in an appropriate court of that State." *Id.* The United States Court of Appeals for the Eleventh Circuit has held that federal courts lack subject matter jurisdiction of private actions under the Act.

*See Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287, 1289 (11th Cir. 1998) (following the Fourth Circuit and Fifth Circuit in concluding that Congress conferred exclusive jurisdiction upon state courts for private right of actions under the TCPA).

## III.    ANALYSIS

Plaintiffs filed their complaint in the County Court of Travis County, Texas on December 28, 2005, seeking to recover statutory damages for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA").  Plaintiffs allege that Defendant McHenry, president of NBIC, sent seventeen unsolicited advertisements by facsimile.  Docket No. 2 at 2.  Defendant McHenry, proceeding *pro se*, filed an answer on behalf of himself and NBIC, and a motion to dismiss on January 12, 2006.  Docket No. 1-2 at 81.  On March 24, 2006, the presiding state judge ordered that the answer be stricken as to NBIC (as McHenry is not an attorney licensed to practice law and could not represent the corporation) and entered default judgment against NBIC in the amount of $21,000.  *Id.* at 1-2.  On April 19, 2006, the state judge entered partial summary judgment "establishing liability of [Defendant McHenry] for violations of the TCPA[,]" and set the state action for trial on May 15, 2006 to determine the amount of damages.  Docket No. 21at 2, ¶ 5.

On April 20, 2006, Defendant McHenry, still proceeding *pro se*, filed a notice of removal in this Court "because it is a civil action over which the district courts have original jurisdiction founded on a claim or right arising under the laws of the United States."  Docket No. 1-1 at 2, ¶ 4.  Defendant McHenry also states that NBIC "consents" to the removal of the action, but that he does not "legally represent" NBIC.  *Id.*, ¶ 6.

On May 15, 2006, Plaintiffs filed a motion to remand[2] signed by Texas counsel, which the undersigned denied without prejudice to refile as a motion signed by counsel admitted to practice in this Court. Docket Nos. 12, 14. Plaintiffs also filed, pursuant to this Court's order, written objections to removal[3] on May 18, 2006. Docket Nos. 9, 17. Plaintiffs filed an amended motion to remand (signed by counsel with leave to appear *pro hac vice* in this Court) on May 26, 2006. Docket No. 21. Defendant McHenry never filed a memorandum in opposition to the motion to remand, but instead, filed a motion to dismiss, now before the Court, on the ground that Plaintiffs are not the real party in interest under Rule 17 of the Federal Rules of Civil Procedure. Docket No. 25.

Plaintiffs are correct that this court lacks subject matter jurisdiction because the "[f]ederal courts do not have jurisdiction over private TCPA claims." Docket No. 21 at 3. Plaintiffs further object to removal on the grounds of: 1.) improper venue, 2.) untimely notice of removal, and 3.) ineffective "consent" to removal by Defendant NBIC, a corporation who may only appear through counsel. Docket Nos. 15, 21. Plaintiffs are correct on these matters as well.

All claims in this action are for violations of the TCPA. This Court lacks subject matter jurisdiction. *See Hooters of Augusta, Inc.*, 136 F.3d at 1289. The procedural defects also require remand. Defendant McHenry waited more than three months after appearing and answering the

---

[2]The filing of the motion to remand on May 15, 2006 was Plaintiffs first appearance in this action in federal court. *See* Docket Nos. 10-12. An earlier motion by Plaintiffs "to deem requests admitted and for partial summary judgment" was originally filed in state court. Docket No. 3. Defendant McHenry attached Plaintiffs' motion to deem requests admitted to his notice of removal, which was docketed as a motion in federal court by the clerk of this court. *Id.*

[3]Plaintiffs written objections to removal were signed by counsel not yet admitted to practice in this Court. However, Plaintiffs filed the objections in response to this Court's order requiring the filing of objections on or before May 22, 2006. *See* Docket No. 9. Further, counsel for Plaintiffs filed a motion to appear *pro hac vice* on May 15, 2006, which was denied without prejudice for failure to comply with Local Rule 2.02. Docket Nos. 14, 15. The Court later granted an amended motion for Plaintiffs' counsel to appear *pro hac vice* on May 26, 2006, the same day Plaintiffs filed an amended motion to remand. Docket Nos. 20, 21.

complaint to file a notice of removal in this Court. He did not remove the case to the district court that includes Tavis County, Texas. Further, a corporation may appear and be heard in this Court only through counsel admitted to practice in this Court. Defendant NBIC never properly consented to removal.

Accordingly, it is **RECOMMENDED** that:

1.)     Plaintiffs' motion to remand [Docket No. 21] be **GRANTED**, and this case **REMANDED** for lack of subject matter jurisdiction and failure to effect proper removal;

2.)     Defendants' motion to dismiss [Docket No. 25] be **DENIED** as moot; and

3.)     the Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 16, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy